IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KYOMI POSTLEY                                                                           PLAINTIFF

v.                                    Civil No. 6:17-cv-06081

HOUSING AUTHORITY OF
HOT SPRINGS, ARKANSAS *et al*
                                                                                       DEFENDANTS

# REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendant Housing Authority of Hot Springs, Arkansas ("Housing Authority") and Richard Herrington ("Herrington") Motion To Dismiss (ECF No. 11) and Defendant Sam Spencer's Motion to Join Housing Authority's Motion to Dismiss. ECF No. 21. Plaintiff filed a response to this motion. ECF No. 23. On November 27, 2017 a hearing was held on theses Motions. All Defendants appeared through counsel. Plaintiff, who is proceeding *pro se*, failed to appear.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred these motions to this Court for the purpose of making a report and recommendation. This Court, having reviewed the parties arguments and briefing, recommends Defendant Housing Authority and Richard Herrington's Motion To Dismiss (ECF No. 11) and Defendant Sam Spencer's Motion to Join Housing Authority Motion to Dismiss (ECF No. 21) be **DENIED**.

**1. Background**

On November 6, 2015, Plaintiff filed a suit in this court making the same allegations against the same defendants as the instant case. *See Postley v. Housing Authority, et al*, Case No. 6:15-cv-6120 (W.D. Arkansas). That case was dismissed without prejudice on February 16, 2017 because Plaintiff failed to prosecute her claims and failed to comply with a Court order. *See id*. at

1

ECF No. 55. In the previous case, Plaintiff failed to make herself available to be deposed by Defendants claiming she was unable to afford the trip to Arkansas. *Id.* Plaintiff, likewise, failed to appear before the Court when ordered to do so. *Id.*

On August 21, 2017, Plaintiff filed the instant *pro se* Complaint against the same Defendants alleging the same claims, namely, her civil rights were violated by the Defendants through an eviction from a public housing unit. ECF No. 1. Specifically, Plaintiff claims she was entitled to damages for Defendants unconstitutional adjudication and termination of her federal housing benefits. *Id.* Defendant Housing Authority and Herrington filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. ECF. No. 11. They argue Plaintiff's Complaint is barred by the doctrine of collateral estoppel. *Id.* Defendant Spencer has joined in this motion. ECF No. 21.[1] Plaintiff responded to this motion on November 2, 2017. ECF No. 23.

## 2. Applicable Law

With this motion, Defendants' argue Plaintiff's complaint should be dismissed because her claims have been previously adjudicated by this Court. ECF No. 11. As such, they argue the doctrine of collateral estoppel bars her claims for subsequent re-litigation.

The doctrine of collateral estoppel precludes the re-litigation of factual issues actually litigated and determined in a prior suit. *Steffen v. Housewright*, 665 F.2d 245, 247 (8th Cir. 1981). For the doctrine of collateral estoppel or issue preclusion to apply, five elements must be met: (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action;

---

[1] Defendant Barbara Baer was never served by Plaintiff. ECF No. 8. Defendant Kenya Tate was likewise never served. ECF No.17.

(4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must essential to the prior judgment. *See Ginters v. Frazier*, 614 F.3d 822, 826 (8th Cir. 2010).

**3.  Discussion**

As set forth above, this is the Plaintiff's second suit filed in the Western District of Arkansas involving these same allegations. *See Postley v. Housing Authority, et al*, Case No. 6:15-cv-6120 (WD Arkansas). That case was dismissed without prejudice on February 16, 2017 because Postley failed to prosecute her claims and failed to comply with a Court order. *See id*. at ECF No. 55. Based on that previous dismissal, Defendants now seek to dismiss this current complaint of Plaintiff based on the doctrine of collateral estoppel.

Although the parties and issues in the instant case are the same as in Plaintiff's previous complaint, there were no factual issues in the previous matter that were actually litigated. Plaintiff's prior litigation was dismissed by her acknowledged failure to ever attend a deposition in Arkansas, followed by her failure to attend a court ordered hearing to explain her failure to attend her scheduled deposition and her failure to prosecute her claims. Collateral estoppel is not applicable in this instance.

**4. Conclusion**

Based upon the foregoing, this Court recommends that Defendant Housing Authority and Richard Herrington's Motion To Dismiss (ECF No. 11) and Defendant Sam Spencer's Motion to Join Motion to Dismiss (ECF No. 21) be **DENIED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

**reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 7th day of December 2017.**

                                                        s/ Barry A. Bryant
                                                       HON. BARRY A. BRYANT
                                                       U. S. MAGISTRATE JUDGE