IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KYOMI POSTLEY *et al.*                                                                 PLAINTIFFS

vs.                                          Civil No. 6:17-cv-06081

HOUSING AUTHORITY OF THE CITY
OF HOT SPRINGS, ARKANSAS *et al.*                                                  DEFENDANTS

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff's Motion to Request the Court Appoint a Curator or In The Alternative Conduct In Camera Review (ECF No. 38) and Plaintiff's failure to obtain service on two named Defendants.  Plaintiff's Motion to Request the Court Appoint a Curator or In The Alternative Conduct In Camera Review (ECF No. 38) was referred to the undersigned for consideration and both these matters are ripe for the Courts Consideration.

**I.  Background**:

On August 22, 2017, Summons was issued for Defendants Barbara Baer ("Baer") and Kenya Tate ("Tate").  ECF No. 6.  On that same date, the U. S. Marshal was directed to serve at Barbara Baer 1004 Illinois Street Hot Springs, Arkansas 71901and Kenya Tate at 201 Elmhurst Street Hot Springs, Arkansas 71913.  ECF No. 5.

On September 8, 2017, Summons was returned un-executed as to Barbara Baer.  The United States Post Office returned as not known and unable to forward.  ECF No.  8.  On October 4, 2017, Summons was returned un-executed as to Kenya Tate.  The United States Post Office returned as not known and unable to forward.  ECF No.  17.

By Text Only Clerk's Notice of January 2, 2017, the District Clerks office directed Plaintiff

to file proof of timely service, or a statement as to when such proof would be filed, by January 17, 2018. On January 18, 2018 Plaintiff responded by stating the address for Defendant Tate was the only one found on the internet and the address for both Defendant Baer and Tate would be the address at the Housing Authority of Hot Springs. ECF No. 36. Service on Defendant Baer was attempted at the address of Housing Authority of Hot Springs previously and was unsuccessful. ECF Nos. 5 and 8.

On January 19, 2018, Plaintiff was Ordered to provide a valid address for serving Defendant Baer and Tate by February 5, 2018. ECF No. 37. Plaintiff was informed that failure to do so may result in a recommendation that her case, as to these Defendants, be dismissed for her failure to prosecute this action. *Id.*

On January 31, 2018, Plaintiff filed a Motion to Request the Court Appoint a Curator or In The Alternative Conduct In Camera Review. ECF No. 38. In this Motion, Plaintiff stated she provided to the Court all addresses she could find for Defendants Baer and Tate, but has never known these Defendants' personal addresses. *Id.* She stated she believes the Defendants are not accepting summons, but offers no support for this statement. *Id.* Plaintiff again stated she did not have financial resources to find these Defendants. *Id.* Plaintiff makes no specific request in this Motion, however, the Court interprets it as a request for assistance in discovering the addresses of Defendants Baer and Tate.

### **II. Discussion:**

It is an *in forma pauperis* plaintiff's responsibility to provide the Court with an address for proper service on defendants named in their complaint. "While *in forma pauperis* plaintiffs should not be penalized for a marshal's failure to obtain proper service, it was [plaintiff's] responsibility to

provide proper addresses for service on [the defendants]." *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir.) (*per curiam*) *cert. denied,* 510 U.S. 875 (1993). In this case, Plaintiff was put on notice by the Court that service had not been effected on Defendants Baer and Tate. Plaintiff was Ordered to provide a valid address for service on these Defendants and was informed that failure to do so could result in dismissal of her claims. ECF No. 37. Plaintiff neither complied with the Order nor provided a current address for Defendants Baer and Tate. Consequently, her claims against Defendants Baer and Tate should be dismissed without prejudice under Rule 4(m).

### III. Conclusion:

Based upon the foregoing, the Court recommends Plaintiff's Motion to Request the Court Appoint a Curator or In The Alternative Conduct In Camera Review (ECF No. 38) be **DENIED** and Plaintiff's claims against Defendants Baer and Tate be **DISMISSED** without prejudice based on Plaintiff's failure prosecute and failure to obey the orders of the Court in this Case. *See* Fed. R. Civ. P. 4(m) and 41(b).

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 22nd day of February 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE