IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KYOMI POSTLEY, *et al*                                                                    PLAINTIFFS

v.                               Civil No. 6:17-cv-06081

HOUSING AUTHORITY OF
HOT SPRINGS, ARKANSAS *et al*                                                      DEFENDANTS

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before this Court is Defendant, Officer Sam Spencer's, Motion To Dismiss.  ECF No. 70. Plaintiff has responded to this Motion.  ECF No. 79.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Robert T. Dawson referred this motion to this Court for the purpose of making a report and recommendation.  This Court, having reviewed the parties arguments and briefing, recommends Defendant, Sam Spencer's, Motion To Dismiss (ECF No. 70) be **GRANTED.**

**1. Background**

On August 21, 2017, Plaintiff filed a *pro se* Complaint alleging claims on behalf of herself and her minor children T.P Jr., T.P., and K.P. against Defendants alleging her civil rights were violated through an eviction from a public housing unit.  ECF No. 1.[1]  According to Plaintiff's Complaint, beginning in 2010, Plaintiff participated in the Public Housing Program with the Housing Authority of the City of Hot Springs.  ECF No. 1, ¶ 21.  In 2011, Plaintiff received two minor write ups, but had not been late on her rent.  *Id.*  However, in 2012, Plaintiff failed to pay a $8.18 balance on her utility bill.  ECF No. 1, ¶ 22.

---

[1] On January 2, 2019, the claims of the minor Plaintiffs were dismissed.  ECF No. 62.  On January 18, 2019, Plaintiff's claims against Separate Defendants Hot Springs Housing Authority and Richard Herrington were resolved and dismissed with prejudice. ECF No. 64.

On November 6, 2012, Zena Vagnini, an occupancy specialist at the Housing Authority, notified Plaintiff by letter she had to leave the premises by November 20, 2012, due to the failure to pay $8.18 for rent, utility and maintenance. ECF No. 1, Pg. 27. Plaintiff requested a grievance hearing which was scheduled for November 28, 2012. ECF No. 1, ¶ 23, 24. According to the Complaint, while at the grievance hearing, Defendant Spencer issued Plaintiff a "Failure to Vacate" citation; threatened Plaintiff with arrest and the possibility of having her children placed in the custody of the State; and told her to disconnect her phone call to her aunt during the hearing. ECF No. 1, ¶ 15, 24, 38, 56. Following the grievance hearing, Plaintiff appeared in Garland County District Court and was found guilty on the Failure to Vacate citation. ECF No. 1, Pgs. 16-18. On December 21, 2012, the citation was nolle prosed upon notice that Plaintiff had vacated the premises. *Id.*

**2. Discussion**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Defendant Spencer filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) contending Plaintiff failed to state a claim upon which relief can be granted or because Officer Spencer is entitled to qualified immunity. ECF. No. 70.

Fed.R.Civ.P. 12(b)(6) provides that a motion to dismiss should be granted on a plaintiff's claim if he "fail[s] to state a claim upon which relief can be granted." A complaint should be dismissed for failure to state a claim if it appears beyond a doubt the plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001). In determining whether to dismiss this action under Rule 12(b)(6), the Court will assume the facts alleged in Plaintiff's Complaint are correct and will draw reasonable inferences from the facts in favor of the allegations in the Complaint. *Turner v.*

*Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002); *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

The facts set forth in Plaintiff's Complaint do not support any plausible cause of action for relief under 42 U.S.C. § 1983 against Defendant Spencer. To begin with, Defendant Spencer's issuing a "Failure to Vacate" citation did not violate Plaintiffs constitutional rights. Officer Spencer did not arrest her or deprive her of any property. Plaintiff does not identify any constitutional right that was infringed when Officer Spencer issued the citation to Plaintiff. See *Goff v. Bise*, 173 F.3d 1068, 1072 (8th Cir.1999) (identifying as the plaintiff's burden to "assert a violation of a constitutional right" on a § 1983 claim). Even viewing Plaintiff's submissions in the most favorable light, Plaintiff has not shown how Officer Spencer's issuance of a Failure to Vacate citation violated her constitutional rights.

Plaintiff also alleges Officer Spencer threatened to arrest her, threatened to place her children into the custody of the State, and told her to stop talking on the phone during the grievance hearing. "Verbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993). A threat constitutes an actionable constitutional violation only when the threat is so brutal or wantonly cruel

as to shock the conscience and amount to a severe invasion of personal security and autonomy. *Wise v. Pea Ridge Sch. Dist.*, 855 F.2d 560 (8th Cir. 1988). While Plaintiff may have felt uncomfortable as a result of Defendant Spencer's comments, his words do not rise to the level of a constitutional violation.

### 3. Conclusion

Based upon the foregoing, Officer Sam Spencer's, Motion To Dismiss (ECF No. 70) should be **GRANTED.** As noted above, all other defendants and claims have been resolved either by settlement or Order. Accordingly, I recommend this case be dismissed in its entirety.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 21st day of March 2019.**

                                               s/ *Barry A. Bryant*
                                               HON. BARRY A. BRYANT
                                               U. S. MAGISTRATE JUDGE