IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KYOMI POSTLEY                                                                                         PLAINTIFF

V.                                     NO. 6:17-CV-6081-RTD

HOUSING AUTHORITY OF
HOT SPRINGS, AR, et al.                                                                          DEFENDANTS

# ORDER

The Court has received a Report and Recommendation (ECF No. 80) from United States Magistrate Judge Barry A. Bryant. Plaintiff, proceeding *pro se*, filed the underlying civil rights action pursuant to 42 U.S.C. § 1983 against the Housing Authority of the City of Hot Springs, Arkansas, Richard Herrington, Barbara Baer, Kenya Tate and Police Officer Sam Spencer, in their official and individual capacities, alleging her federal constitutional rights were violated when she was wrongfully evicted from federally subsidized public housing. (ECF No. 1.) Defendant Sam Spencer, the sole remaining defendant in this case[1], filed a Motion to Dismiss on the grounds that Plaintiff has failed to allege a constitutional violation. (ECF No. 70.) Plaintiff filed a Response in Opposition to the Motion. (ECF No. 79) After consideration, the Magistrate issued a report recommending that the Motion to Dismiss be granted. Plaintiff filed timely filed objections to the report. (ECF No. 81.) This matter is now ripe for review.

In her complaint, Plaintiff alleges that, beginning in or around 2010, she participated in the Public Housing Program with the Housing Authority of the City of Hot Springs. (Compl. ¶

---

[1]Plaintiff's claims against Defendants Barbara Baer and Kenya Tate were dismissed without prejudice on March 29, 2018. ECF No. 44. On January 18, 2019, Plaintiff's claims against Separate Defendants Hot Springs Housing Authority and Richard Herrington were resolved and dismissed with prejudice. ECF No. 64

2.) Plaintiff alleges that the Public Housing Program receives funding from the U.S. Department of Housing and Urban Development. Due to her level of income, Plaintiff was not required to pay rent and received a utility allowance. Plaintiff claims she was a model tenant. *Id*.

On or about November 15, 2012, Plaintiff received a Notice of Termination letter from the Housing Authority advising her to surrender and deliver possession of the premises. The reason for the termination was "failure to pay rent and other charges in the amount of: $8.18 Rent, Utility, Maintenance." (Compl. 27.) On or about this same day, Plaintiff also received from the Housing Authority a Notice to Quit demanding that she leave the premises or be charged with Failure to Vacate. The Notice to Quit was sent for the same $8.18 utility overage. (Compl. 28.) Plaintiff requested a grievance hearing.

A grievance hearing was held on or about November 26, 2012. (Compl. ¶¶23, 24.) Plaintiff alleges that while at the hearing, Defendant Officer Spencer demanded Plaintiff disconnect her phone call to her aunt and threatened to arrest Plaintiff and place her children with the "Department of Children Services." (Compl. ¶15, 38.) At the end of the nine-minute grievance hearing, Plaintiff was charged with failure to vacate and ordered to appear in the Garland County District Court on December 11, 2012. (Compl. ¶¶24, 29, 38, 56.) The Arkansas Criminal Citation was issued by Defendant Officer Sam Spencer. *Id.*

Court records provided by Plaintiff show that she appeared at the hearing in the District Court and pleaded not guilty. (Comp. 16.) A trial of the matter was set for December 13, 2012. *Id*. Plaintiff was found guilty at the trial, and sentencing was set for December 21, 2012. *Id*. At the trial, the District Court, Judge Ohm presiding, entered a No Contact Order and ordered Plaintiff to leave the premises by 5:00 P.M. on December 20, 2012. (Compl. 15.) Plaintiff was informed that if she vacated the premises by the deadline, the Court would "nol pros" the charge.

(Compl. 16-18.) On December 21, 2012, Plaintiff returned to the Garland County District Court, Judge Switzer presiding, and reported that she had vacated the premises. (Id. at 17.) The case was nolle prossed. *Id*.

The Magistrate concluded that the facts alleged in Plaintiff's Complaint do not support any plausible cause of action for relief against Defendant Spencer. He recommends that the Motion to Dismiss be granted, and because all other defendants and claims have been resolved either by settlement or order, the case be dismissed in its entirety.

The Court has conducted a *de novo* review of those portions of the report and recommendation to which Plaintiff has objected. 28 U.S.C. 636(b)(1). Plaintiff's objections offer neither law nor fact requiring departure from the Magistrate's findings. The Report and Recommendation is proper, contains no clear error, and is ADOPTED IN ITS ENTIRETY.

IT IS THEREFORE ORDERED that Officer Sam Spencer's Motion to Dismiss (ECF No. 70) is GRANTED.

IT IS FURTHER ORDERED that this case is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 8th day of April 2019.

/s/Robert T. Dawson
ROBERT T. DAWSON
SENIOR U.S. DISTRICT JUDGE